### PAUL ROGER GOTTSCHALK V. STATE.

No. 25,729. May 7, 1952.

Hon. Jack Allen, Judge Presiding.

*Dally & Alexander* (*Jack Alexander*, of Counsel), Borger, and *E. T. Miller*, Amarillo, for appellant.

*Robert C. Gallaway*, District Attorney, and *George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction under the fondling statute (Art. 535d, Vernon's P. C.), with punishment assessed at ten years in the penitentiary.

The decision this day delivered in Cause #25,712 (Page 276 of this volume), against this appellant is applicable and controlling here, and will be read in connection with this opinion.

Here, the prosecuting witness Hatfield, a boy, lacked only about a month of being fourteen years of age. He lived about a block and a half from the appellant in the same community with other teen-age boys including those specifically named and referred to in the other opinion. He heard the boys "talking how nice he (appellant) was, so I asked one of the boys to introduce me: so David Reese took me over there." This introduction occurred on May 23, 1951, or about two weeks prior to the commission of the offense charged. Afterward, Hatfield made frequent visits in appellant's home. On one occasion, his father accompanied him, at which time appellant took the boy's picture.

At about five o'clock the afternoon of June 6, 1951, Hatfield and Reese went to appellant's home. Reese went home shortly thereafter, and Holder, another boy, came into the house, but stayed only a short while. Hatfield was seated on the divan with appellant, looking at comic books. After a time, appellant showed him a book containing photographs of a nude woman and also some cartoon books. Appellant then inquired of Hatfield relative to his sex life, asking him if he "had any hairs." Hatfield asked appellant if he "wanted to see" and thereupon, at appellant's suggestion, pulled down his trousers. Then appellant told the boy to "come on to the bedroom," where appellant fondled Hatfield's sex organ. Hatfield then left to go home, and made no mention of the occurrence to his parents or to anyone else until about the time of appellant's arrest some twelve days thereafter. Hatfield admitted that as he was leaving appellant's home after the act mentioned, he agreed with appellant that they were "still buddies."

The foregoing facts, upon which the conviction of appellant rests, are from the testimony of Hatfield, alone.

The similarity between the facts here presented and those in the other case against appellant is apparent. In fact, here, there appears to be more testimony of Hatfield's participation in and consent to the unlawful act than that of the witness in the other case.

Under the authorities cited and the conclusion reached in the other case, the conclusion is also here expressed that the witness Hatfield was an accomplice and that his testimony would have had to be corroborated in order for the conviction to be sustained.

Accordingly, the judgment is reversed and the cause remanded.

Opinion approved by the court.